SHORE vs. MILLER, administrator.

| 80 | 93 |
| 98 | 399 |
| 80 | 93 |
| 116 | 356 |

1. Where a ground of a motion for a new trial, which excepted to the rejection from evidence of a certain deed, set out in specific terms the substance thereof, giving the names of the grantor and grantee, the county and district in which the land was located, the numbers of the lots of which it was stated the tracts conveyed were part, and the quantity of land conveyed, this was a sufficient description of the deed to authorize this court to pass upon its admissibility, although it was not copied in full in the motion.

2. While parol evidence is not admissible to add to, contradict or vary a writing, yet it is admissible to explain an ambiguity, either latent or patent; and where a deed conveyed " parts " of certain lots of land, comprising in all 172 acres, it was admissible in evidence, together with parol testimony, to show that the parts of lots mentioned in the deed were the same land as that involved in the controversy, and to which the claim was made.

December 3, 1887.

New trial. Evidence. Practice in Supreme Court. Deeds. Before Judge WELLBORN. Hall superior court. August term, 1887.

Reported in the decision. .

W. I. PIKE, for plaintiff in error.

M. L. SMITH and H. H. PERRY, by brief, contra.

BLANDFORD, Justice.

This was a claim case. Miller, as administrator of Carter, advertised for sale a certain place comprising several tracts of land. Shore interposed a claim to this land. On the trial of the claim case, Shore proposed to introduce in evidence a deed from Carter, the deceased, made in his life time to his wife, Nancy Carter. This deed described the land conveyed to her as being " parts " of certain lots of land, in all comprising 172 acres, but not stating what parts of said lots. Objection was made to the introduction of the deed in evidence, and the court sustained the objection. The claimant proposed to prove by parol that

the land mentioned in this deed was the identical land which the administrator was proposing to sell, and to which the claim was made. The court below refused to allow this evidence. The jury found a verdict for the administrator. Shore, the plaintiff in error, moved for a new trial, which was refused; whereupon he excepted, assigning error on the refusal of the court to admit in evidence the deed from Carter to his wife, and the parol testimony offered to show that the land the administrator was proceeding to sell, and to which the claim was made, was the same land mentioned in the deed. This is the only ground it is necessary for us to pass upon.

1. The defendant in error insists that we cannot take notice of this ground, for the reason that the deed is not set out in the bill of exceptions, but appears only in the brief of evidence on the motion for new trial, and that, as it was not admitted in evidence, it cannot be considered. We cannot agree with this view of counsel for the defendant in error. The motion for new trial sets out in specific terms the substance of the deed, giving the names of the grantor and grantee, the county and district in which the land was located, the numbers of the lots of which it stated these tracts were "parts," and the quantity of land conveyed; and we think this was a sufficient description of the deed, and that it was unnecessary to set out a copy of the entire deed.

2. We think the court erred in refusing to allow the deed to go in evidence, upon proof that the land mentioned in the deed was the same land offered for sale by the administrator and claimed by the claimant. We think this parol evidence offered by the claimant to show that it was the same land ought to have been admitted, and the deed thereupon allowed to go in evidence. While parol evidence is not admissible to add to, contradict or vary a writing, yet it is admissible to explain an ambiguity, whether latent or patent. There was a patent ambiguity in the deed which this testimony was offered to explain, viz. that

the " parts of lots 22 and 23, containing 172 acres more or less," mentioned in the deed were the same land advertised by the administrator and claimed by the plaintiff in error.

It is true that the plaintiff in error went no further with his case in the court below; but it was not necessary; nor could he go further. He claimed through Nancy Carter; and when the deed to Nancy Carter was rejected by the court, his evidence of title was destroyed. We reverse the judgment of the court below, on the ground that the court erred in rejecting this deed and the parol evidence offered to explain the same.

Judgment reversed.