ROYAL INS. CO. v. SAMANTHA WALRATH.

1. REVERSAL OF VERDICT OR FINDING OF COURT ON WEIGHT OF EVIDENCE.
   A verdict or finding of a court will not be reversed on the weight of evidence, unless so clearly unsupported by it as to show misapprehension or mistake, or bias, or willful disregard of duty on the part of the jury.
2. PAROL EVIDENCE MAY BE GIVEN TO SHOW THE REAL TRANSACTION.
   When a writing is produced, either as evidence, or as the foundation of an action, and it does not express the agreement of the parties, the party who caused it to be in an imperfect condition should be estopped from using it, or relying on its contents as expressing the unalterable agreement of the parties; and parol testimony is competent to show the real transaction, so that the writing or contract as written, cannot be used to the injury of the party whose agreement the writing does not express.
3. EVIDENCE AS TO WHAT PROPERTY IS INCLUDED IN A CONTRACT OF INSURANCE.
   Parol evidence is admissible to show what property was included in a contract of insurance.

ERROR to the Court of Common Pleas of Licking county.

VOORHEES, J.

In view of the former holding of this court upon demurrer to the second amended petition, it is sufficiently accurate for the present purpose, and for the exposition of the principles of law applicable to the case, to state the following facts:

The defendant in error, on and prior to July, 1890, held a policy of fire insurance from the plaintiff in error, on her dwelling house and certain personal property located in Hanover township, this county. That prior to the expiration of the policy of insurance, the insurance company, by its agent, one J. B. Murphy, while in view of the real estate of the insured, solicited her to take out additional insurance on said property, she having made some improvements on the property. Said agent was well acquainted with the property, its location and kind, so insured in said old policy. Prior to July 21, 1890, the insured was the owner of ten tons of hay, which was then stored in a barn of one Dr. Bukey in said township, which barn was held by her by lease for a term of years.

On said day, and while said agent was soliciting her to take out such additional insurance on her property mentioned in the old policy, he also solicited her to take out some insurance upon said ten tons of hay in said barn, which was located as stated, and in view of said agent. He promised that the old policy should be canceled and a new policy issued, covering said additional insurance, and including said hay; that the unearned portion of the premium on the old policy, should be applied upon the premium upon the new policy, and she to have until September 15, 1890, to pay the balance of the premium. The barn in which said hay was, was pointed out to the agent, and he was requested to go and see the hay. He said it was unnecessary and declined to go. He was informed by plaintiff that the barn was owned by Dr. Bukey; that she had only a lease upon it. Said agent then informed the plaintiff that he would put said hay in said new policy, insuring it for the sum of

fifty dollars, and agreed with her that he would at once make out the policy so as to include the hay, and would issue the policy as soon as he got back to his office in the city of Newark; and that he would deposit it with the building association, under the same arrangement as existed with the old policy, on account of a mortgage held by the association.

The plaintiff never saw the policy until after the hay was destroyed by fire. Defendant company knew at the time it so solicited the plaintiff to insure this hay, and at the time it issued its said policy, that the plaintiff owned said ten tons of hay, and owned no other hay, nor was she in the possession of any other hay. Said agent went to his office and issued the policy, which is attached to the original petition, taking up the old policy, and applied the unearned premium thereon to the payment of the premium on the new policy, and delivered it over to the building association. Plaintiff performed the requirements and conditions of the policy on her part.

On September 11, 1890, said hay was totally destroyed by fire, of which defendant had due and proper notice. That by said policy, defendant did insure the plaintiff's said hay for $50. That she was the owner at the time of the insurance, and continued to be the owner up to the destruction of the hay by fire. After said hay was burned, on September 12, 1890, and after defendant knew it was so destroyed, plaintiff paid the balance of the premium on the new policy, and defendant has ever since retained the same. The value of the hay was averred to be $70. The defendant company refused to pay the $50, or any part of it, for which plaintiff asks judgment.

The company by answer took issue with the plaintiff on these facts, and the cause was tried at the January term, 1899, of the common pleas court to a jury, resulting in a verdict in favor of the plaintiff below for the sum of $74.98, upon which verdict a judgment was rendered at said term.

Error is prosecuted to this court. A number of grounds are set forth as reasons why the judgment of the court below should be reversed.

Many of the questions raised by the petition in error are settled as a result of the holding of this court in overruling the demurrer of the defendant below to the second amended petition; and it will not be necessary to further consider them. If the holding of this court in overruling the demurrer was correct, there is no error in the record in the particulars complained of in these several grounds of error.

Walrath v. Royal Insurance Company, 9 O. C. D., 233.

The only question now to be considered is, whether the verdict of the jury and judgment of the court below are sustained by sufficient evidence, or were contrary to law.

In other words: Does the amended petition state a cause of action against the defendant below? Second: Were the material facts of the petition established by legal evidence? If so, the judgment of the court below should be affirmed.

That the petition sets forth a cause of action, was settled by this court when it overruled the demurrer of the defendant to the petition; and a majority of the court see no sufficient reason for changing that holding.

The next question is: Were the facts set forth in the petition established by the evidence, so that the verdict of the jury is not against the weight of the evidence?

The rule of law in this state is, that a verdict or finding of a court will not be reversed on the weight of evidence unless so clearly unsupported by it as to show misapprehension or mistake, or bias, or willful disregard of duty on the part of the jury. Of course, this presupposes that the evidence upon which the verdict rests was competent and legal evidence. And this leads to the real question of contention in this case, viz: Was it competent for the plaintiff below to prove, by parol evidence, the facts set forth in her amended petition?

The cause of action of the plaintiff is founded upon a written contract, an insurance policy. Notwithstanding this, it does not follow that testimony as to what was said and done by the parties, leading up to the making of the contract, is inadmissible for the purpose of showing what the real contract of the parties was, and this may be done without first invoking the equity power of the court to reform the contract.

We are not unmindful that, among the purely artificial rules of evidence, one is, to forbid parties to a solemn contract reduced to writing, to alter, vary, limit, enlarge or contradict what they have just made certain, by the recollection of witnessess, in attempting to show what the parties said before or at the time of the signing of the contract. This wise policy or rule of evidence, we are not inclined to doubt. But after a careful examination of the evidence in this case, we have deemed it our duty to consider that other rule of law, which gives the court and jury the right to take into consideration as legal evidence the parol statements made contemporaneously with the execution of the contract, so that the contract may be read and construed in the light of the circumstances appearing in evidence at the time of its execution; and that the jury may so construe it under the direction of the court.

Therefore, in the case at bar, parol evidence was admissible to show what property was included in the contract of insurance. From the evidence in this case, there can be no doubt but that the hay in the Bukey barn, which was held by lease by the plaintiff, was to be included and covered by the policy; and either by design or inadvertence of the agent of the company, it was not definitely expressed in the contract. Who should suffer by this act or omission of the agent?

The plaintiff was free from fault, and the neglect of the company's agent should not be visited upon her when disaster has come, which she, by the insurance policy, was trying to guard against; and the case comes within the rule of modern decisions which hold, that when a writing is produced, either as evidence or as the foundation of an action, and it does not express the agreement of the parties, the party who caused it to be in an imperfect condition should be estopped from using it, or relying on its contents as expressing the unalterable agreement of the parties; and that parol testimony is competent to show the real transaction, so that the writing or contract as written cannot be used to the injury of the party whose agreement the writing does not express.

In the case of Powelson Coal Company v. McShain, 75 Pa. St., 238–245, the court say:

"It is certainly permissible to give evidence of a verbal promise made by one of the parties, at the time of the making of a written contract, where such promise was used, as an inducement to obtain the execution thereof: Campbell v. McClenachen, 7 S. & R., 171. This rule is put upon the ground that the attempt afterwards to take advantage of the omission from the contract, of such promise, is a fraud upon the party who was induced to execute it upon such promise, and hence he

will be permitted to show the truth of the matter; Clark v. Partridge, 2 Barr, 13; Renshaw v. Gans, 7 Barr, 117; Dutton v. Tilden, 1 Harris, 49."

In the case of Maril v. Connecticut Fire Insurance Company, 95 Ga., 604, s. c., 51 Am. St. Rep., 107, the court states the rule thus:

"While parol evidence is not admissible to vary the terms of a contract in writing, it is admissible for the purpose of applying the terms of the writing to the subject-matter, and removing any ambiguity arising from such application; Stoops v. Smith, 100 Mass., 63. It is admissible to explain an ambiguity, whether latent or patent. Shore v. Miller, 80 Ga., 93; s. c. 12 Am. St. Rep., 239."

In Gould v. Boston Excelsior Company, 91 Maine, 214; s. c. 64 Am. St. Rep., 224, the court say:

"It is well understood that parol evidence is admissible to explain a writing to make its terms definite, to fill out an incomplete contract, to show the circumstances under which it was made, and to prove a collateral, contemporaneous, or subsequent agreement not inconsistent with the written agreement. Harris v. Murphy, 119 North Carolina, s. c. 56 Am. St. Rep., 660–661 and note; Durkin v. Cobleigh, 156 Mass., 108, s. c. 32 Am. St. Rep., 436, and note."

In the case of John B. Ferguson v. Thomas L. Rafferty reported in Lawyers Reports Annotated, Book 6 p. 33, the Supreme Court of Pennsylvania held:

"That parol evidence is admissible to establish a contemporaneous oral agreement which induced the execution of a written contract, though it may vary, change or reform the instrument."

To the same effect is the case of G. W. Walker v. W. B. France, reported in 2 Central Reports, 781.

The principles of these cases have been recognized by the Supreme Court of this state in the case of Springer Brothers v. George W. Henry et al., 59 O. S., decided December 20, 1898, wherein the court reversed the circuit court and affirmed the common pleas without report, the circuit court holding that the common pleas erred in admitting testimony as to what was said and done by the parties leading up to the making of the contract.

If the testimony was competent in this case, showing what really occurred in regard to the hay in the Bukey barn, between the plaintiff and the defendant's agent, there is evidence to support the finding of the jury.

And, in the opinion of a majority of the court, this evidence was competent; and the verdict of the jury is supported by legal evidence, and is not contrary to law.

And this disposes of all the questions raised by the petition in error, not determined by the former holding of this court on demurrer.

The judgment of the common pleas is affirmed.

ADAMS, J., dissenting.

*Follett & Follett*, for plaintiff in error.

*S. M. Hunter*, for defendant in error.