## 29516. FRIERSON v. THE STATE.

DECIDED MAY 2, 1942. REHEARING DENIED JULY 25, 1942.

*Rupert A. Brown,* for plaintiff in error.

*E. P. Shull, solicitor, Hamilton McWhorter Jr.,* contra.

MACINTYRE, J. The accusation charged the illegal possession of intoxicating liquor. The evidence showed that the officers stopped the defendant, travelling in an automobile, on a public highway in Oglethorpe County, Georgia, and in the automobile was the prohibited liquor which he was charged with possessing. At that time the defendant stated to the officers who searched the car that he was carrying the whisky to George Burroughs. Where Burroughs lived or where the whisky was to be delivered was not stated. Oglethorpe is a dry county, and to possess the prohibited liquor therein is illegal.

The defendant contends that the liquor seized was government liquor, according to the officers making the seizure; that it was State stamp tax-paid liquor, according to the statement of the defendant; that one who transports such liquor must of necessity possess it, but he does so as part of the transportation; that he possesses it for that purpose; that it is not independent of the act of transporting, but is an incident thereto; that, under certain circumstances, it is legal to transport liquors in this State on which the State stamp tax has been paid; and that he was not tried for

transporting liquor but for possessing it, and was convicted where the proof, he insists, showed that the liquor he is alleged to have had possession of was being transported legally under the laws of this State at the time. "The law as to the possession of whisky in counties of this State which have not legalized the sale thereof is still a general law as to those counties. It is not necessary to allege or prove that the defendant does not belong to the class of persons excepted from the provisions of the act. This is purely defensive." *Jackson* v. *State*, 64 *Ga. App.* 648, 652 (13 S. E. 2d, 898). The crime alleged is a violation of a general law. All the essential elements of the crime charged were proved, and there was no sufficient proof that the defendant belonged to any class of persons excepted from the provisions of the act which by its enactment made the law general. There is no merit in the special grounds. The evidence authorized the verdict. *Williams* v. *State*, 89 *Ga.* 483 (15 S. E. 552); *Blocker* v. *State*, 12 *Ga. App.* 81 (76 S. E. 784); *Green* v. *State*, 23 *Ga. App.* 519 (98 S. E. 553).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*