30637.   JONES *v.* CITY OF MOULTRIE.

DECIDED MARCH 16, 1945. REHEARING DENIED MARCH 30, 1945.

*Grover C. Powell, Hayden C. Covington,* for plaintiff in error.
*P. Q. Bryan, solicitor,* contra.

MacINTYRE, J. Fred L. Jones, a member of "Jehovah's Witnesses," was convicted in the recorder's court of the City of Moultrie of violating a certain city ordinance. The judge of the superior court refused to sanction his petition for certiorari, and that judgment is assigned as error in the present bill of exceptions.

The ordinance here in question is set out in full in *Jones* v. *State,* 196 *Ga.* 526 (supra), and is there held constitutional. In Murdock *v.* Pennsylvania, 319 U. S. 105 (63 Sup. Ct. 870, 87 L. ed. 1292, 146 A. L. R. 82), one of the cases relied on by the defendant, it is stated: "The fact that the ordinance is 'nondiscriminatory' is immaterial. The protection afforded by the first amendment [Federal constitution] is not so restricted. A license tax certainly does not acquire constitutional validity because it classifies the privileges protected by the first amendment along with the wares and merchandise of hucksters and peddlers and treats them all alike. Such equality in treatment does not save the ordinance. Freedom of press, freedom of speech, freedom of religion are in a preferred position. . . The privilege in question exists apart from State authority. It is guaranteed the people by the Federal constitution. . . Nor do we have here, as we did in Cox *v.* New Hampshire, 312 U. S. 569 [61 Sup. Ct. 762, 85 L. ed. 1049, 133 A. L. R. 1396], and Chaplinsky *v.* New Hampshire, 315 U. S. 568 [62 Sup. Ct. 766, 86 L. ed. 1031], State regulation of the streets to protect and insure the safety, comfort, or convenience of the public." In referring to the ordinance in the instant case the Supreme Court of Georgia, in the first headnote in the *Jones* case, states: "A municipal ordinance providing that it shall be illegal 'for any person, firm, or corporation to sell or offer for sale any goods, wares, merchandise, pamphlets, magazines, maps, or other article of value on any Saturday between the hours of 12:00 noon and 9:00 p. m. on any of the following congested sidewalks of said city,' designating certain sidewalks and providing a penalty therefor, is a valid and reasonable regulation for public

284

safety and convenience, under the police power of the city," and the court, in the body of the decision, differentiated the ordinance there in question and now being considered, from the ordinance in the Murdock case, supra. "If a construction can be placed upon a statute which will save it from being declared unconstitutional, it is the duty of the courts to adopt such construction and thus save the act from collision with the organic law." *Bennett v. Wheatley*, 154 *Ga.* 591, 594 (115 S. E. 83). Construing the ordinance here in question in the interest of all, as a regulation of the streets to protect and insure the safety, comfort, or convenience of the public, and as not intending to deny "Jehovah's Witnesses," a religious sect, the right to disseminate religious beliefs through the distribution of literature, which is protected under the constitutional guaranty of freedom of religion, saves the ordinance from collision with the constitution. Thus where the defendant is charged with the violation of such ordinance and the proof shows the dissemination of his religious belief through the distribution of religious literature, by selling and offering it for sale at the prohibited time and place in question, and the undisputed evidence showed his distribution of such literature did not interfere with the traffic, nor with the safety, comfort, or convenience of the public, in the use of such highway, he would not be guilty of violating such ordinance.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*