30729. BURNS *v.* CITY OF CARROLLTON.

DECIDED JUNE 28, 1945.

*Grover C. Powell, Hayden Covington,* for plaintiff in error.

*Boykin & Boykin,* contra.

MacINTYRE, J. The ordinance here in question forbids the sale of any goods, wares, merchandise, pamphlets between the hours of 10 a. m. and 9 p. m. on certain designated sidewalks. This ordinance is a valid and reasonable regulation for public safety and convenience under the police powers of this city. *Jones* v. *Moultrie,* 196 *Ga.* 526 (27 S. E. 2d, 39). Though the ordinance forbids the sale of any pamphlet, etc., a proper interpretation would exclude its application to pamphlets disseminating the defendant's religious beliefs through the distribution of religious pamphlets or literature by selling and offering them for sale at the prohibited time and place stated in the ordinance, when such distribution did not interfere with the safety, comfort, or convenience of the public in the use of such street, because such an application would render the ordinance unconstitutional. Yet, the summons or accusation on the ordinance need not negative this matter; it pertains simply to the defense and embraces matters that are properly to be introduced by the defendant. 2 Bishop's New Criminal Procedure (2d ed.), § 638 (3); 1 Wharton on Criminal Procedure (10th ed.), § 288; *Frierson* v. *State,* 67 *Ga. App.* 829 (21 S. E. 2d, 438). Such ordinance should be applied in the interest of all as a regulation of the streets to protect and insure the safety, comfort, or convenience of the public, and as not intending to deny "Jehovah's Witnesses," a religious sect, or any other religious sect, the right to disseminate religious beliefs through the distribution of literature, which is protected under the constitutional guaranty of freedom of religion; such application saves the ordinance from collision with the Federal constitution. Murdock v. Pennsylvania, 319 U. S. 105 (63 Sup. Ct. 870, 87 L. ed. 1292, 146 A. L. R. 81). Thus, where the defendant, a member of a religious sect (Jehovah's Witnesses) was charged with the violation of such ordinance and the proof showed the dissemination of his religious literature by selling and offering it for sale at the prohibited time and place in question, and further showed that his distribution of such literature did not interfere with traffic nor with the safety, comfort, or convenience of the public in the use of such streets, he would not be

guilty of violating such an ordinance. *Jones* v. *Moultrie, 72 Ga. App.* 282 (33 S. E. 2d, 561). The judge of the superior court erred in refusing to sanction the writ of certiorari.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*