18370. CONYERS *v.* WEST *et al.*

Argued October 14, 1953—Decided November 12, 1953.

*Mitchell & Mitchell,* for plaintiff in error.

*Geo. Starr Peck, Harold Sheats, Wm. G. Grant, Grant, Wiggins, Grizzard & Smith, J. C. Savage,* contra.

ALMAND, Justice. John L. Conyers filed an application against Thomas B. West and others, to register title to a tract of land. The case was referred to an examiner, who made a report in favor of the applicant for registration, and West filed exceptions of law and fact to this report. One of the exceptions of law was to the ruling of the examiner in overruling objections to the introduction in evidence of a tax deed executed to the City of Atlanta dated May 29, 1937, on the ground that the description was too vague and indefinite to operate as a valid conveyance to the city, and in admitting this deed in evidence. This deed gave the description of the property as follows: "A certain lot of land . . . lying and being in the City of Atlanta, State and County aforesaid, in Tax District No. 1-A, Land Lot 47 in the 14th District of . . . Fulton County, Georgia, fronting 265 feet on the south side of Angier Avenue, between Bedford and Felton Streets, and running back 368 feet, more or less, in a southerly direction. The house on said lot is known as No._____ on said street according to street numbers. The same being vacant property in the City of Atlanta adjoining Deraney." Other exceptions of West to the findings of the examiner were sustained. The trial judge in sustaining these exceptions held that the tax deed under which Conyers based his claim of title to the property sought to be registered was void and no title passed thereunder, because the description therein was too vague and indefinite to identify and make it possible to locate the property sought to be conveyed even by resort to extrinsic evidence, had such evidence been introduced to identify the property, and decreed that the title to the property was in Thomas B. West, subject to certain liens and encumbrances. Conyer's bill of exceptions assigns error on this decree. Counsel for the plaintiff in error concede that the sole question for review is whether or not the description in the tax deed to the City of Atlanta is sufficient to describe the land sought to be registered.

A deed wherein the description of the property sought to be conveyed is so vague and indefinite as to afford no means of

identifying any particular tract of land is inoperative either as a conveyance of title or as color of title. *Mull* v. *Allen,* 202 *Ga.* 176 (42 S. E. 2d 360). A description of land in a deed, in order to be valid, must identify the land, or must contain a key by the use of which the description may be supplied by extrinsic evidence. *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d 374). The only definite information in the deed involved in the instant case was that the land was located in the City of Atlanta, in land lot 47 in the 14th district of Fulton County, and fronted 265 feet on the south side of Angier Avenue between Bedford and Fulton Streets. The description does not state the beginning point of this frontage. It recites that the lot runs back 368 feet more or less in a southerly direction, and the words "more or less" fix no point for the rear line of the property, nor the width of the same. The fact that it is vacant property adjoining Deraney does not provide a key for the location of the land. The word "Deraney" may refer to a street, or to the name of an adjoining property owner, and might be either on the east or the west side. There is nothing in this description to enable anyone to definitely locate the property sought to be described. There is nothing in the tax deed to the City of Atlanta that refers to any map or other matter upon which extrinsic evidence might be introduced to aid in the location of the property. The trial judge did not err in sustaining the exceptions to the ruling of the auditor in the admission of this deed, or in his finding that Conyers did not have title to the property.

Counsel for West filed a motion in this court to overrule the case of *Shore* v. *Miller,* 80 *Ga.* 93 (4 S. E. 561, 12 Am. St. Rep. 239). We are of the opinion that it is not necessary to a decision in the instant case to review the *Shore* case. As that case is explained in *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E. 513), the ruling in the *Shore* case is not authority to sustain the contention of Conyers, that the description in the deed under which he claims was sufficient.

The court did not err in entering the decree that the title to the land be registered in Thomas B. West, as complained of in the bill of exceptions.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*