19954. CITY OF ATLANTA *v.* ATLANTA TRAILER CITY TRAILER PARK, INC.

HAWKINS, Justice. This was an equitable action brought by Atlanta Trailer City Trailer Park, Inc., against the City of Atlanta, Fulton County, and Jack Berchenko, seeking to set aside a deed from Berchenko to Fulton County, dated February 27, 1951, on the ground that it was invalid and unenforceable because of uncertainty and insufficiency of description of the property. At the time the deed was executed, the grantor was the owner of two tracts, one fronting the south side of Climax Place 195 feet, and the other fronting the north side of Climax Place 1035 feet. The deed in question, referred to in paragraph 6 of the petition as Exhibit "A", after reciting the consideration to be the "benefits which will accrue to the undersigned from the establishment of a public road to be known as Climax Place," reads as follows:

"Said road begins at Stewart Avenue and runs in an easterly direction a distance of approximately 1,075 feet to Cheshire Avenue, said road being in Land Lot 90, 14th District, Fulton County, Georgia. We the undersigned property owners hereby deed to Fulton County a 28 foot strip to make said road a 50 foot road (according to plat recorded in Plat Book 19, Page 44, said road is shown as a 22 foot road), and as an inducement for the Commissioners of Roads and Revenues

in and for said County to do said work, it is agreed by the undersigned that none of the same will make any claim for damages on account hereof, whether said work is done wholly or in part, whether any grading or widening or paving or sloping of banks of the above and foregoing is done or not done; and the undersigned do hereby releave [relieve?] and release said County and said Commissioners, its officers and agents, from any and all liability for damages occasioned either directly or indirectly by said work. The undersigned do hereby agree and dedicate to said County, and its duly constituted authorities all interest, right and title which they may have in and to any portion of the above and foregoing land or right of way, and to any adjacent land which may be necessary to construct and perfect the said roadway; and do hereby waive any and all claims of every character on account thereof."

Paragraphs 4 and 5 of the petition allege that Atlanta Trailer City Trailer Park, Inc., is the owner and in actual possession of certain described property lying and being in Land Lot 90 of the 14th District of Fulton County, which was acquired from Berchenko by warranty deed dated September 9, 1955. Paragraph 8 alleges that on February 27, 1951, the property in question was not within the limits of the City of Atlanta, but said limits were extended effective January 1, 1952, by an act of the Georgia legislature, to include said property. Paragraph 9 alleges that the deed from Berchenko to Fulton County was executed and delivered at a time when the grantor sought to have the Fulton County Planning Commission rezone from R-3 to C-2 his property on the south side of Climax Place, "and in order to give the owner of certain property on the south side of Climax Place, adjoining petitioner's property immediately on the east, a 50-foot street into Stewart Avenue for ingress and egress." While paragraph 13 alleges that the deed from Berchenko to Fulton County is void for the reason that same was not accepted by Fulton County for the consideration and on the terms and conditions set forth therein, but was accepted only upon the condition that the county would not do anything toward opening up Climax Place at that time, we do not deem it necessary to deal with this phase of the case. Paragraph 16 alleges that the deed from Berchenko to Fulton County is void for the reason that the description of the property undertaken to be conveyed is vague, indefinite, and uncer-

tain and does not specify the property sought to be conveyed sufficiently to constitute a valid deed or conveyance; Berchenko at the time of the execution and delivery of the deed, being the owner of 28 feet of land on the north side of Climax Place for a distance of 1035 feet from Stewart Avenue, and being the owner of 28 feet of land on the south side of said street for a distance of 195 feet. Paragraph 17 alleges "That defendant City of Atlanta has ordered and directed petitioner to remove all encroachments from the strip of land 28 feet in width and 1035 feet in length along the" north side of Climax Place, "including an encroachment 3.2' x 80' on the south side of a 60' x 80' trailer repair shop, which said building had been constructed and was in existence at the time of the execution and delivery of the deed referred to in paragraph 6 hereof; and has threatened and is now threatening to make a case against its officers for failure to do so."

Counsel for the parties entered into a stipulation, which recites in part: that "special demurrers of defendants City of Atlanta and Fulton County are not insisted upon, and the court may sustain or overrule their general demurrers if a cause of action is not alleged or is alleged by plaintiff because the deed or grant is invalid and unenforceable because of uncertainty and insufficiency of description of the property"; and further that "defendant City of Atlanta will not desire to proceed with the prosecution referred to in plaintiff's petition if the deed or grant executed by Berchenko is invalid and unenforceable, and the court may enjoin such prosecution if it is held that such deed or grant is invalid and unenforceable."

The trial judge entered the following order: "The above and foregoing case regularly coming on for hearing before the court on a stipulation entered into between the plaintiff and defendants, the same having been approved and made a part of the record on the 30th day of July, 1957, after hearing argument of counsel, it is considered, ordered, and adjudged that all of the renewed demurrers of the City of Atlanta, filed on July 30, 1957, and as contained in Paragraphs 1, 2, and 3 of said renewed demurrers, are hereby overruled, and that the prayers of the petitioner are granted, and that the deed referred to in Paragraph 6 of plaintiff's petition and also as Exhibit 'A' thereto, be and the same is hereby declared invalid and unenforceable." The bill of exceptions recites: "To these rulings of the court, the defendant City of Atlanta excepted

and now excepts and assigns error thereon as being contrary to law and says that the court erred in overruling said demurrers to said petition of the plaintiff, and that the court should have sustained said demurrers and should not have declared said deed invalid and unenforceable." *Held:*

From the allegations of the petition as set out in the foregoing statement of facts, it would seem to appear that the grantor intended to convey a strip of land on the south side of Climax Place 28 feet by 195 feet, whereas the City of Atlanta and the grantee contend that the deed in question conveyed a strip of land on the north side of Climax Place 28 feet by 1035 feet. The wording of the deed indicates it was intended that it be signed by more than one property owner, as it is recited: "We the undersigned property owners hereby deed to Fulton County," and that it was "Signed, sealed and delivered as to ——————[Jack Berchenko, L.S.] in the presence of Wm. Boyd [and] Frederica C. Vickers, N. P. Fulton County, Ga." The deed as drawn evidently contemplated that one strip of land, on either one side or the other of Climax Place, a 22-foot road, would be conveyed, as it recites that the "owners hereby deed to Fulton County a 28-foot strip to make said road a 50 foot road." Since the deed was signed by only one grantor, who owned property on both sides of Climax Place, as was said in *Huntress* v. *Portwood*, 116 *Ga.* 351, 355 (42 S. E. 513), "no surveyor, however expert, could take the description contained in the instrument just mentioned and, by the aid of any extrinsic evidence, locate the precise body of land."

"A description of land in a deed, in order to be valid, must identify the land or must contain a key by the use of which the description may be applied by extrinsic evidence. Possibly this idea of a 'key' has been overworked, and it has certainly been frequently misunderstood. There need not be confusion about this word, and no confusion will result if the word is given its true and literal meaning. A metallic bar is a key only when it serves the purpose of unlocking the door, and is not a key if it fails in its primary purpose, which is to unlock the door. Likewise any descriptive words in a contract for the sale of land, which will lead unerringly to the land in question, constitute the key which the law contemplates. But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and

identify a certain tract of land, the description fails and the instrument is void." *Blumberg* v. *Nathan,* 190 *Ga.* 64, 65 (8 S. E. 2d 374). See also *Smith* v. *Wilkinson,* 208 *Ga.* 489 (67 S. E. 2d 698); *Crawford* v. *Verner,* 122 *Ga.* 814 (1) (50 S. E. 958); *Conyers* v. *West,* 210 *Ga.* 190 (78 S. E. 2d 422); *Allen* v. *Smith,* 169 *Ga.* 395 (150 S. E. 584).

While the grantor could have said in the deed, or the grantee could have required him to so recite before attempting to accept the deed, that the 28-foot strip was "on the south side" or "on the north side" of Climax Place, in the state of the record in this case the trial court could not do this for the parties, and was correct in holding that the deed or grant was "invalid and unenforceable" because of uncertainty and insufficiency of description of the property.

Since the above ruling is controlling, other questions raised will not be passed upon.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1958—DECIDED FEBRUARY 10, 1958.

*J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins, Ferrin Y. Matthews, Martin Mc-Farland,* for plaintiff in error.

*Harry S. McCowen, William H. Major,* contra.