23561. HERRINGTON v. THE CHURCH OF THE LORD JESUS CHRIST et al.

ARGUED JUNE 15, 1966—DECIDED SEPTEMBER 19, 1966— REHEARING DENIED SEPTEMBER 22 AND SEPTEMBER 29, 1966.

*Johnson & Hayes, Randolph Hayes, Herbert Johnson, James C. Howard,* for appellant.

*Mitchell, Clarke, Pate & Anderson, Stephens Mitchell,* for appellees.

GRICE, Justice. This is an appeal by a petitioner in a land registration proceeding from a decree overruling his exceptions to the findings of the examiner and entering judgment that title to the property is in a defendant.

The proceeding was instituted by Paul G. Herrington in the

Superior Court of Fulton County by a petition against The Church of the Lord Jesus Christ, and other defendants, seeking to register in his name title to certain described property in the City of Atlanta. The petitioner relied upon good record title for 40 years. The defendant The Church of the Lord Jesus Christ answered, claiming title to the property by adverse possession for seven years under color of title.

After the cause was referred to the examiner, his preliminary report was submitted, additional parties were made, and evidence was heard.

During the proceeding the defendant church conveyed its interest in the property to trustees of the First Apostolic Church, and consequently it was made a party. It answered claiming title by prescription.

Thereafter the examiner made his final amended report with findings of law and fact favorable to the defendant Apostolic Church, including that it was entitled to have title to the property registered in its name due to seven years adverse possession under color of title by it and its predecessor. The trial court overruled the petitioner's exceptions to this report and decreed that title be registered in the defendant Apostolic Church, from which judgment the petitioner appealed.

■ We first deal with the trial court's decree denying petitioner's claim of record title pursuant to Ga. L. 1953, p. 63. *Code Ann.* § 38-637. That statute provides: "A prima facie case shall be made out in actions respecting title to land upon showing good record title for a period of 40 years, and it shall not be necessary under such circumstances to prove title to the original grant from the State."

The effect of this legislation was stated in *Shippen v. Cloer,* 213 Ga. 172, 174 (97 SE2d 563) as follows: "This Act constitutes a major change in the rules of evidence in this State in cases involving title to land. Prior to its enactment . . . where a plaintiff in ejectment relied upon a record or paper title to prove ownership, it was necessary, in order to make out a prima facie case, to prove a regular chain of title from the state, or from some grantor in possession, or from a common source from which he and the defendant claimed . . .

Under . . . [this Act], the defendant in an action of eject-
ment is not deprived of any defenses which he could have
asserted prior to the passage of the Act. After the plaintiff has
established his prima facie case by showing a good record title
for forty years, the burden of proceeding is upon the defendant,
who must introduce evidence to rebut the plaintiff's prima facie
case, otherwise the plaintiff's evidence will demand a verdict in
his favor."

From our appraisal of the documents involved here, we con-
clude that the petitioner complied with this statute by showing
good record title for the required 40 years. This chain is that
which follows.

The first link is an 1883 deed wherein the four heirs of Henry
C. Holcombe, by an attorney in fact, executed a warranty deed
to David A. Beatie. It recited the named persons to be the
only heirs of Holcombe.

We are familiar with the rule that "A recital in a deed that
the parties making it were heirs at law of a former owner, is no
evidence of the fact recited, except as against parties to the
deed and their privies." *Yahoola River & Cane Creek &c. Mining
Co. v. Irby,* 40 Ga. 479 (1). But here although the recital in
the deed was not evidence, the deed was sufficient to show prima
facie good title in the grantee. The defendants introduced no
evidence to refute such recital.

The second link is the 1899 will of David A. Beatie, which was
probated in solemn form. After devising his residence to the
widow it devised all of the remainder equally to her and their
five children. The grant in 1900 by the court of ordinary to the
executor of such will of leave to sell the property in question at
public sale did not divest the rights of the devisees as to this
property since it was not in fact sold.

Nor was the title of these heirs affected by deeds executed in
1926 and 1936 as the result of city assessments against this
property. The 1926 deed, by the Marshal of the City of At-
lanta on behalf of D. L. Beatie, one of the devisees of the will of
David A. Beatie, to W. C. Foster was pursuant to a curbing
assessment. This deed described the property as being "in Ward
2, Land Lot 74 in the 14th District of originally Henry, now

Fulton County, fronting 340 feet on the Southeast cor. Haygood and Crew and alley Streets, and running back 187 feet, more or less in a southerly direction . . . The same being vacant property in the City of Atlanta, Georgia, adjoining the property of Tilley." The 1936 instruments were six in number, each by the Municipal Revenue Collector of the City of Atlanta on behalf of D. L. Beatie. The petitioner's abstract of title, which was found to be correct by the examiner, recites that these deeds were pursuant to paving assessments. The descriptions, as stated in the abstract, are essentially as follows: "in Ward 2 of City of Atlanta, in Land Lot 74 of 14th District, Fulton County, Georgia, fronting 50 feet on east side of Crew Street, between Haygood and Weyman and running back easterly 187 feet, being vacant land adjoining Beatie."

The description in each of these deeds was insufficient and rendered each of them inoperative as a conveyance.

The 1926 deed contains an indefinite terminal point and an indefinite course. The language "running back 187 feet, more or less," with no reference given, does not indicate where the property ends, and is therefore fatally defective. *Smith v. Georgia Industrial Realty Co.*, 215 Ga. 431 (4) (111 SE2d 37). See also *Conyers v. West*, 210 Ga. 190 (78 SE2d 422) (one Justice not participating). The words "in a southerly direction," are likewise too indefinite. *Smith v. Georgia Industrial Realty Co.*, 215 Ga. 431 (3), supra.

The 1936 instruments contain the same defect of indefinite course as does the 1926 one, the 1936 deeds giving it as "easterly." Also, the 1936 deeds give no beginning point. The language "fronting 50 feet on east side of Crew Street, between Haygood and Weyman . . ." does not identify any particular area between the two named streets and hence it is impossible to ascertain what 50-foot frontage was intended to be conveyed by each of the deeds. *Floyd v. Carswell*, 211 Ga. 36 (2) (83 SE2d 586) ; *Conyers v. West*, 210 Ga. 190, supra.

The petitioner's third link is made up of quitclaim deeds to this property acquired in 1955 from all of the persons possessing rights under the will of David A. Beatie—the devisees themselves or their devisees or heirs at law.

The foregoing links constitute a chain of good record title to the property in controversy in the petitioner for approximately 77 years.

■ We next consider the portion of the decree adjudicating title in the defendant Apostolic Church pursuant to its claim of prescription.

Our *Code*, § 85-407, provides that "Adverse possession of lands under written evidence of title, for seven years, shall give a like title by prescription . . ." Color of title has been defined as ". . . a writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or from the defective conveyance that is used . . ." *Fraser v. Dolvin*, 199 Ga. 638, 639 (34 SE2d 875). But where the "description of the property . . . is so vague and indefinite as to afford no means of identifying any particular tract of land, the instrument is inoperative either as a conveyance or as color of title." *Oglesby v. Volunteer State Life Ins. Co.*, 195 Ga. 65, 66 (23 SE2d 404).

The documents relied upon by the defendant Apostolic Church as color of title are as follows: (1) seven quitclaim deeds, executed in August and September, 1946, from the City of Atlanta to the Southside Baptist Church; (2) a deed, executed on January 28, 1954, from the Southside Baptist Church to the Church of the Lord Jesus Christ; and (3) a deed from the latter church on March 5, 1964, to the defendant Apostolic Church.

Six of the 1946 deeds from the city contain this description: ". . . in Land Lot 74 of the 14th District of Fulton County, Georgia, and more particularly described as fronting 50 feet on the east side of Crew Street between Haygood Ave. and Weyman Ave. and running back 187 feet more or less in an easterly direction; said lot being vacant on said street." These descriptions give no beginning point, and hence are fatally defective. *Floyd v. Carswell*, 211 Ga. 36 (2), supra; *Conyers v. West*, 210 Ga. 190, supra. From what appears, all of these deeds may be describing the same property. Also, these descriptions fail since the 187 feet "more or less" is indefinite as to a terminal point, there being no reference given. *Smith v. Georgia Industrial Realty Co.*, 215 Ga. 431 (4), supra; *Conyers v. West*,

210 Ga. 190, supra. The description being insufficient, these deeds can not operate as color of title.

The other 1946 city deed describes the property therein quitclaimed as ". . . in Land Lot No. 74 of the 14th District of Fulton County, Georgia, and more particularly described as fronting 40 feet on the southeast corner of Crew Street and Haygood Ave. to alley and running back 187 feet, more or less, in an easterly direction; same being vacant property on said street." The 187 feet "more or less" likewise renders this description insufficient and, therefore, the deed inoperative as color of title.

It is unnecessary to determine whether the 1954 deed from the Southside Baptist Church to the Church of the Lord Jesus Christ constitutes color of title, because there has not been seven years adverse possession under that deed. The filing of the instant proceeding, naming the Church of the Lord Jesus Christ as a defendant, in January 1960, less than seven years after this deed was executed, stopped the running of adverse possession in favor of that defendant. *Willingham v. Long*, 47 Ga. 540; *Gardner v. Granniss*, 57 Ga. 539 (1).

The March 1964 deed from that defendant to the defendant Apostolic Church, with this proceeding still pending, did not recommence the running of adverse possession. When the latter took possession, it "went into the shoes of [its] predecessor. Suit was pending against that predecessor, and by operation of law the suit passed over in its effects to [it]." *Willingham v. Long*, 47 Ga. 540, 545, supra.

No adverse possession for seven years under color of title having been shown, it was error to decree that title by prescription was vested in the defendant First Apostolic Church.

Therefore, under the evidence before the trial court the petitioner was entitled to registration of title to the property in his name.

*Judgment reversed. All the Justices concur.*