## 24142. GRIFFITH v. THE STATE.

UNDERCOFLER, Justice. The Court of Appeals has requested an answer to the following certified question:

"Where a defendant charged with a crime is in custody, and a confession by interrogation is obtained in March, 1963, and on the trial in October, 1966, objection is made to the introduction of the confession on the ground that the prosecution has not shown that the defendant has been advised that if he could not afford an attorney, one would be appointed for him prior to any questioning if he so desired—does the State make out a prima facie case for the admission of the confession by showing that the defendant was not threatened in any way, that he was not promised anything and was advised of all his rights as required in Miranda v. Arizona, 384 U. S. 436, except that he was not told that if he was indigent a lawyer would be appointed for him prior to any questioning if he so desired?"

In the decision of the Supreme Court of the United States concerning in-custody interrogation (Miranda v. Arizona, 384 U. S. 436, 473 (ftn. 43) (86 SC 1602, 16 LE2d 694)), it is stated that: "A warning that the indigent may have counsel appointed need not be given to the person who is known to have an attorney or is known to have ample funds to secure one. . ." Under this decision only an indigent must be informed of the right to appointed counsel. Therefore, an ob-

jection to the admission of a confession only upon the ground that the defendant was not informed of his right is insufficient, because not all persons are entitled to be so advised. The objection entered here merely maintains that the defendant has not been accorded a right without any contention or claim that he comes within the class entitled thereto. See Gray v. North Carolina, 268 N. C. 69 (150 SE2d 1); *South Ga. Nat. Gas Co. v. Ga. Pub. Service Comm.,* 214 Ga. 174 (1) (104 SE2d 97); *James v. State,* 215 Ga. 213 (2) (109 SE2d 735); *Rumph v. State,* 119 Ga. 121, 123 (2) (45 SE 1002); and *Frierson v. State,* 67 Ga. App. 829 (21 SE2d 438).

*The certified question is answered in the affirmative. All the Justices concur.*

SUBMITTED JUNE 12, 1967—DECIDED SEPTEMBER 7, 1967.

*Cook & Palmour, Bobby Lee Cook, A. Cecil Palmour,* for appellant.

*Earl B. Self, Solicitor General,* for appellee.

*Lewis R. Slaton, Solicitor General, J. Walter Le Craw,* amicus curiae.