### 42545. GRIFFITH v. THE STATE.

PANNELL, Judge. 1. In answer to a certified question from this court in this case the Supreme Court in effect ruled that, "Where a defendant charged with a crime is in custody, and a confession by interrogation is obtained in March, 1963, and on the trial in October, 1966, objection is made to the introduction of the confession on the ground that the prosecution has not shown that the defendant has been advised that if he could not afford an attorney, one would be appointed for him prior to any questioning if he so desired . . [the State makes out] a prima facie case for the admission of the confession by showing that the defendant was not threatened in any way, that he was not promised anything and was advised of all his rights as required in Miranda v. Arizona, 384 U. S. 436, except that he was not told that if he was indigent a lawyer would be appointed for him prior to any questioning if he so desired." This answer was predicated on the theory that the defendant in objecting to the confession did not contend that he was indigent. See *Griffith*

*v. State,* 223 Ga. 543 (156 SE2d 903). In the light of the answer to that question this case must be decided.

In view of the ruling in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205) (1964), as applied to the procedure in this state governing the admissibility of confessions in evidence in Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593), reversing the Supreme Court of Georgia (*Sims v. State,* 221 Ga. 190 (144 SE2d 103)) the rule that a confession is admissible upon a *prima facie* showing by the State as to its voluntariness (determined by the trial judge) and then the final issue as to its voluntariness determined by the jury trying the issue of guilt or innocence is no longer applicable and a *prima facie* showing by the State is not sufficient, unless it be the only evidence on the issue and that evidence uncontradicted. Further, Jackson v. Denno requires that the determination of the voluntariness of the confession must be made by a different "body" from that determining the guilt or innocence of the prisoner, which "body" makes the determination of voluntariness after hearing evidence from both the State and the accused. The requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), is but a method of assuring the voluntariness of a confession made while in custody and being interrogated by the police. Objections to confessions, almost regardless of in what language couched, raise the issue of voluntariness of the alleged confession; however, where the objection is based solely on the ground that the confession was not admissible in evidence because the requirements of Miranda had not been complied with, and, in particular that the prisoner was not advised of his absolute right to remain silent nor was he advised that if he was indigent a lawyer would be procured for him, and no other question relating to voluntariness was made these will be the only ones considered upon review. The evidence adduced before the trial judge shows without dispute that defendant was advised that he did not have to make a statement, that anything he might say might be used against him, and that he had a right to have an attorney with him prior to questioning. This was sufficient to authorize the trial judge to find that the requirements of Miranda, other than advising him as to his right if indigent to have an attorney procured for him, were complied with. As to this latter element the

decision by the Supreme Court of Georgia, supra, in answer to our certified question determines that the confession is admissible, *prima facie,* in the absence of some claim or contention by the defendant on trial that he was indigent at the time of interrogation, thus effectively relieving the State of the burden of showing either (a) that the prisoner, at the time of the interrogation, was known to have an attorney or was known to have ample funds to secure one or (b) showing that the prisoner was told that if he was indigent an attorney would be secured for him. Under these circumstances, the evidence here, relating to the voluntariness of the confession, demanded a finding that the confession was voluntarily made.

In the present case two indictments for burglary, by consent of the parties, were tried together by the trial judge without the intervention of the jury to pass upon all questions of law and fact. No question is raised by the defendant on this appeal calling for a decision on whether the voluntariness of the confession was improperly determined by the trial judge, who also determined the question of his innocence or guilt; or whether or not the requirement of Jackson v. Denno for the determination of the innocence or guilt of the accused and the voluntariness of the confession by separate "bodies," was cause for reversal here. There was no error in admitting the oral and written confessions in evidence.

2. The knife and watch found upon the defendant at the time of his arrest were properly identified as articles stolen in one of the burglaries.

3. The evidence was sufficient to authorize a conviction.

*Judgment affirmed. Jordan, J., concurs. Bell, P. J., concurs in the judgment.*

ARGUED JANUARY 5, 1967—DECIDED OCTOBER 3, 1967.

*Cook & Palmour, Bobby Lee Cook,* for appellant.
*Earl B. Self, Solicitor General,* for appellee.

BELL, Presiding Judge, concurring. I concur in the judgment for the reason stated by the Supreme Court in *Griffith v. State,* 223 Ga. 543.