**Clark GRIFFITH**

v.

**Ralph JONES, Sheriff of Walker County.**

**Civ. A. No. 11309.**

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 19, 1967.

---

Bobby Lee Cook, Cook & Palmour, Summerville, Ga., for petitioner.

Earl B. Self, Summerville, Ga., for respondent.

## ORDER

EDENFIELD, District Judge.

Petitioner has been convicted in a Georgia state court of the crime of burglary. The only substantial evidence against him proffered by the State at his trial was a confession and some articles which, according to the confession, had come from one of the burglarized stores. But for the confession, neither the culprit nor the articles could have been identified.

Defendant was initially arrested on March 11, 1963 in Jackson County, Alabama and held in the Jackson County jail. He was questioned briefly on the night of his arrest and then again on March 12th and 13th by several different officers, including an investigator for the Sheriff's Department of Jackson County and a postal inspector. In the course of these interrogations, petitioner confessed to several burglaries near his home, which was across the state line in Georgia.

It was alleged by the State at the trial of the case that the prisoner had been informed of all his constitutional rights in regard to interrogation, with one conceded exception: he was not advised that if he were an indigent, he would be entitled to have an attorney appointed at no cost to him. This, of course, was not required in March, 1963. It is required now under Miranda v. State of Arizona, 86 S.Ct. 1602, 384 U.S. 436, 16 L.Ed.2d 694.

However, at defendant's trial, which occurred on October 20, 1966, four months *after* the decision in *Miranda*, the confession was ruled admissible. On its face this would appear to be error. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, holding that the *Miranda* decision is applicable to all cases in which trial began after the *Miranda* decision was announced.

After direct appeal to the Court of Appeals of Georgia, that court certified to the Supreme Court of Georgia the question as to whether this lack of warning would automatically render inadmissible a confession when the trial was held subsequent to the *Miranda* decision.

The Supreme Court of Georgia first answered the certified question in the affirmative and held that the confession could not be used. The Court quoted at length from the text of *Miranda* at 384 U.S. 478–479, 86 S.Ct. 1602, 16 L.Ed.2d 694, which summarizes the warnings required at interrogation. Shortly thereafter, however, and apparently on its own motion, the Supreme Court of Georgia withdrew that opinion and substituted a second opinion holding the confession admissible. Griffith v. State, 223 Ga. 543, 156 S.E.2d 903. The Court quoted, and hinged its substituted opinion upon, a portion of footnote 43 in

*Miranda,* the quoted portion reading as follows:

"A warning that the indigent may have counsel appointed need not be given to the person who is known to have an attorney or is known to have ample funds to secure one  *  *  *." 222 Ga. 543, 156 S.E.2d 903.

Construing this "quote", the Court then went on to say:

"Under this decision only an indigent must be informed of the right to appointed counsel. Therefore, an objection to the admission of a confession only upon the ground that the defendant was not informed of this right is insufficient, because not all persons are entitled to be so advised. The objection entered here merely maintains that the defendant has not been accorded a right without any contention or claim that he comes within the class entitled thereto." 222 Ga. 543, 544, 156 N.E.2d 903, 904.

Unfortunately for this conclusion, however, the quoted portion of the *Miranda* footnote was lifted out of context, and when read in its entirety, the footnote positively demands an exactly opposite conclusion. What the court said in footnote 43 was:

"*While* a warning that an indigent may have counsel appointed need not be given to the person who is known to have an attorney or is known to have ample funds to secure one, *the expedient of giving a warning is too simple and the rights involved too important to engage in ex post facto inquiries into financial ability when there is any doubt at all on that score.*"

It thus appears that, inadvertently or otherwise, the Court left out the underscored portion of the footnote which would seem to change its meaning by exactly 180 degrees. See also the text of *Miranda* to which the footnote is appended, which demands the same conclusion. Finally, see the case of Fendley v. United States, 384 F.2d 923, decided by the Fifth Circuit Court of Appeals on November 2, 1967, which is almost directly in point.

■ Before this court the defendant Sheriff of Walker County, Georgia argued, first, that on the trial no showing was made that petitioner was in fact an indigent, and second, that he was therefore barred by some sort of estoppel. In other words, his position was that, at an interrogation, the burden is on the prisoner to make known his indigency before he is entitled to be warned of his constitutional right to appointed counsel. It is abundantly clear that under *Miranda* the burden is never on any prisoner to do anything to entitle him to be warned of his constitutional rights before interrogation. On the contrary, under *Miranda* and a host of other decisions, the burden is clearly on the interrogating officers. If *Miranda* could be emasculated in this simple fashion, it would be meaningless indeed.

■ Nor is there anything in State v. Gray, 268 N.C. 69, 150 S.E.2d 1, which is at variance with this conclusion. In the first place, that case did not involve an instance of coercive custodial interrogation. This one does. Moreover, while, as that case holds, the numbered requirements of *Miranda* may not be rigidly inflexible and absolutely necessary in every situation, where the voluntary and spontaneous character of a confession otherwise appears, they were absolutely necessary here, where, so far as appears, there were no unique circumstances or adequate equivalents making them unnecessary. What we hold is that the burden of showing such circumstances or such equivalents, if they existed, was on the officers, not the accused.

The confession of the petitioner here and the other evidence in the case overwhelmingly demonstrate his guilt, and it gives this court no satisfaction to set him free; but the law is the law and the law is clear.

Petitioner's application for the writ of habeas corpus is granted and the defendant is ordered to discharge him from custody.