### 25085. DEMPSEY v. THE STATE.

FRANKUM, Justice. The appeal in this case is "from the judgment of conviction" of the offense of robbery by use of an offensive weapon and from the sentence entered thereon. The sole enumeration of error complains that the court erred in admitting into evidence testimony relating to a confession made by the defendant to one of the investigating officers.

1. The appellant contends that the court erred in allowing evidence of the confession because the defendant was not advised of his constitutional rights prior to making the statement to the investigator. The record shows without dispute that at the time the statement was made the appellant, who was in custody, had employed counsel, and that his lawyer contacted the investigator and advised him that the appellant wanted to make a statement. Clearly, no duty to advise a prisoner arises where he is already represented by counsel. In Miranda v. Arizona, 384 U. S. 436, 473 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974) the Supreme Court of the United States expressly excluded from the requirement that a warning of the right to counsel must be given those cases where the accused is known to have already employed an attorney. See *Griffith v. State*, 223 Ga. 543 (156 SE2d 903). This contention is without merit.

2. Appellant's second contention in this regard is that the confession was not voluntarily made as required by *Code* § 38-411. In answer to this contention, it is sufficient to say that the testimony with respect to the statement in question showed that the defendant was offered no inducement to make the statement nor was he threatened with any injury if he did not make it. The record shows without dispute that appellant's counsel knew that he was to make a statement and expressly waived his right to be present while the statement was made. The only contention of the defendant is that he was offered a probated sentence if he would turn State's

evidence against his accomplices. This was denied by the witness who testified for the State regarding the confession. Assuming, but not deciding, that this constituted evidence of an inducement for a confession, the trial court charged the jury that if they should believe that the confession was made but that it was induced by another by the slightest hope of benefit or the remotest fear of injury, then and in that event it would be their duty to disregard the confession altogether. The court thus submitted the voluntariness of the confession to the jury for their decision, after having first heard evidence relating to that question out of the presence of the jury, and it cannot be said under the facts of this case that the court erred in submitting the question of voluntariness of the confession to the jury.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1969—DECIDED MARCH 20, 1969—REHEARING DENIED APRIL 3, 1969.

*Thad W. Gibson,* for appellant.

*Robert W. Reynolds, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Courtney Wilder Stanton, Deputy Assistant Attorney General,* for appellee.