## VAUGHN *v.* FITZGERALD, administrator.

|        |     |
|--------|-----|
| 112 | 517 |
| 116 | 357 |
| 116 | 945 |
| 112 | 517 |
| 123 | 398 |
| 112 | 517 |
| 125 | 540 |

1. Where commissioners are appointed by the ordinary to set apart and assign to a widow a year's support, and the commissioners make a return setting apart certain personalty and realty, no objections to which return appear, and the ordinary fails, through mistake or negligence, to enter the return on the records as required by law, it is legal and proper for him, nine years thereafter, to pass an order nunc pro tunc that the return be entered of record. After this has been done, the return is admissible in evidence in a contest between the administrator of the widow and a third person who claims the land set apart by the commissioners.

2. Where such commissioners set apart land as a part of the year's support and describe it as "65 acres of land of lot No. 37 in the 8th district of Wilcox county, . . being the west side," such description is not so vague and indefinite as to render the return inadmissible in evidence. The lot being, by statute, a square, the description is sufficiently certain to embrace such a parallelogram as would result from drawing a line across the lot, parallel with its western boundary, so as to cut off sixty-five acres.

3. There was no material error in the rejection of evidence, the evidence authorized the verdict, and the trial judge did not abuse his discretion in refusing a new trial.

Submitted December 8, — Decided December 21, 1900.

Complaint for land. Before Judge Smith. Wilcox superior court. September term, 1899.

*Eldridge Cutts,* for plaintiff in error.
*M. E. Land* and *J. H. Martin,* contra.

SIMMONS, C. J. It appears from the record that James Fitzgerald, of the county of Wilcox, died seized and possessed of a certain tract of land in that county. In 1889 his widow applied to the ordinary for a year's support out of the estate of her deceased husband. Commissioners were appointed by the ordinary to set apart and assign to her a year's support. They made their return to the ordinary, setting apart certain personalty and "also 65 acres of land of lot No. 37 in the 8th district of Wilcox county, price $5.00 per acre, being the west side." It does not appear that any objections were ever made to the return of the commissioners, but the return was, through the mistake or negligence of the ordinary, not recorded as required by law. The evidence tends to show that, upon the return of the commissioners, the widow took possession of the land thus set apart to her. She resided thereon for a short time, and then removed to the house of one of her sons, Cicero Fitzgerald, on

the same farm, and there remained until she died. After her death this son claimed the land which had been set apart to the widow. He died, leaving one minor child. Vaughn, the present plaintiff in error, was appointed guardian of this child. J. M. Fitzgerald, the administrator of the widow of James Fitzgerald, brought suit against Vaughn to recover the land for the purpose of distribution (there being several heirs), and for mesne profits. On the trial of the case the administrator tendered in evidence the report of the commissioners setting apart this land to the widow as a year's support, and an order of the ordinary, granted nine years after the making of the return, ordering that the return be recorded nunc pro tunc. The administrator also showed chain of title into the deceased husband of his intestate, and proved possession by such husband in his lifetime. Vaughn, the guardian, disclaimed any title in himself individually, but resisted the suit on the ground that the land was the property of his ward. He introduced in evidence a deed from one Doster to Cicero Fitzgerald, the father of his ward, dated in 1888 and prior to the setting apart of the year's support. He also introduced evidence tending to show that Cicero Fitzgerald went into possession under this deed, and remained in possession up to the time of his death, and that since that time Vaughn had been in possession as guardian. This evidence was explained or rebutted by the plaintiff by testimony tending to show that the possession of Cicero Fitzgerald was permissive, and also that the deed from Doster had been made to Charles Fitzgerald, and had been changed, after its execution, so as to substitute the name of Cicero for that of Charles as grantee. The jury returned a verdict for the plaintiff, and Vaughn moved for a new trial. His motion was overruled, and he excepted.

1. The motion for new trial complained of the admission in evidence by the court of the return of the commissioners setting apart and assigning to the widow a year's support, and the order of the ordinary admitting the return to record, nunc pro tunc, after nine years had elapsed from the time the return was made by the commissioners. One of the objections to this evidence was that the ordinary had no authority, after the lapse of so long a time, to have the return recorded nunc pro tunc, and that the order was therefore void. It is a well-settled principle that all courts have power to amend their records and enter judgments nunc pro tunc,

when the pleadings or records in the court show that such amendment will be in furtherance of justice.　Civil Code, § 5119.　In the present case the law required the ordinary, when no objections were made within a certain time to the return of the commissioners, to have that return recorded.　Through mistake or negligence he failed to do this, and when his attention was subsequently called to the matter he properly passed an order admitting the return to record nunc pro tunc.　There is no point made as to the effect of this judgment on parties acquiring rights after the return was made and before it was actually recorded.　Of course, if third persons have acquired rights during that time which are inconsistent with that judgment, it can not relate back so as to injure them. The record here does not disclose that any right was acquired by the plaintiff in error, or by those under whom he claims, which would be injuriously affected by having the record of the return relate back.　The only objection urged in the motion for new trial is that the judgment was illegal after nine years had elapsed from the time the return was made by the commissioners.　We think that the lapse of time does not make any difference, if the court is satisfied that such a judgment ought to have been rendered at the time the commissioners made the return, and it appears that no objections were filed thereto.　In such case the court should grant the judgment nunc pro tunc, regardless of the lapse of time, but that judgment should not be allowed to affect injuriously rights acquired in the meantime.

2. Objection was also made to the admission of the return in evidence, on the ground that the description therein of the land set apart was too vague and uncertain to be the basis of any legal claim or title.　We think that the judge properly overruled this objection.　When these lots in Wilcox county were surveyed by authority of the State, the law was that they should be laid off in squares as far as practicable, each square containing 202 1/2 acres. Lot 37 being a square, the return of the commissioners assigning as a year's support " 65 acres of land of lot No. 37, in the 8th district of Wilcox county, . . being the west side," is sufficiently certain. Sixty-five acres may be laid off from the west side of a square lot containing 202 1/2 acres, by cutting off a parallelogram from that side.　Any surveyor who understands his business can easily, having as a basis the western boundary of the lot, the location of the

northwest and southwest corners, and the direction of the north and south lines, lay off such a parallelogram. That is certain which may be made certain. In the case of *Gress Lumber Co.* v. *Coody*, 94 *Ga.* 519, this court held: "A deed which conveys 134 acres on the north side of a lot of land, described by its number, district, and county, the lot being by statute a square, is sufficiently certain to embrace such a parallelogram as would result from drawing a line across the lot, parallel with its northern boundary, so as to cut off 134 acres." Under this decision and the evidence for the plaintiff below, which showed that the widow took immediate possession of the sixty-five acres after the return of the commissioners was made, the description is free from the complaint made by the plaintiff in error, that it is vague and uncertain.

3. Other grounds of the motion for new trial relate to the exclusion from evidence of certain deeds offered by the defendant in the court below. These deeds, it appears from the motion, conveyed other portions of the lot than that in dispute, the sixty-five acres involved in this case not being embraced in them. They were therefore irrelevant to the investigation of the title of the land in dispute, and were properly excluded. The tax digest for the year 1890 was also offered and rejected. From that digest it appeared that Cicero Fitzgerald, in 1890, returned the whole of lot 37 for taxes, and that none of it was returned by the plaintiff's intestate. While this digest might have been admissible as a circumstance to aid the defendant below in proving a prescriptive title in his ward, its rejection is not of sufficient importance, under the facts of the case, to demand a new trial. The evidence authorized the verdict, and the trial judge was satisfied with the jury's finding. This court will not interfere with his discretion in refusing to grant a new trial upon general grounds.

*Judgment affirmed. All concurring, except Fish, J., absent.*