MULL *v.* ALLEN.

No. 15762.   APRIL 19, 1947.

*William Butt,* for plaintiff.

*Wood & Tallant* and *T. H. Crawford,* for defendant.

WYATT, Justice.   1.   This case turns on the quoted description contained in the plaintiff's deed.   We may concede, as is urged by counsel for the plaintiff, that the evidence was sufficient to show

that the tract of land sued for is embraced within the land purportedly conveyed by the plaintiff's deed. Still we think the plaintiff's evidence insufficient to show title to the property in controversy, for the deed upon which he relies is void because of indefiniteness of description. "The description of the land in a deed must be sufficiently certain to afford means of identification. A deed purporting to convey land which is so indefinite in description that the land is incapable of being located is inoperative either as a conveyance of title or as color of title. . . A deed is not invalid where the description is imperfect, if the instrument refers to extrinsic data by means of which the land may be identified. Likewise an ambiguous descriptive clause may be aided by aliunde evidence. But such imperfect or ambiguous descriptions must not be confounded with a description utterly lacking in definiteness. A deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void." *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691).

The description in the plaintiff's deed is lacking in a key "to the confines of the land purporting to be conveyed." It will be noted that the plaintiff's deed, after describing the tract as "beginning at a point, approximately two feet from Earl Ballew's garage," undertakes to mark the course of the lines as follows: "thence along the original line to near a white oak tree; thence in a southeasterly direction to the original East-West line," etc. In *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958), the court held the following description to be too indefinite to operate either as a conveyance of title or color of title: "All that tract or parcel of land containing six acres, more or less, situate in Franklin County on Towns Creek, beginning at a white oak on east bank of Towns creek, thence north 38 w. to a pine corner, thence 58 w. to a white oak, thence down said creek to beginning point." In holding that description to be void, the court in that case used language directly applicable to the instant case: "One essential of a deed is that the description of the premises sought to be thereby conveyed must be sufficiently full and definite to afford means of identification. While it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it must furnish the key to the identification of the land

intended to be conveyed by the grantor. If the premises are so referred to as to indicate his intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable. *Andrews* v. *Murphy*, 12 *Ga.* 431. Thus, if the tract be described as being known by a given name, or if reference is made to a more particular description in another deed or survey and plat, the instrument is prima facie good as a conveyance of title, and extrinsic evidence is admissible for the purpose of applying it to its subject-matter if there is in point of fact a tract of land which corresponds to the description given in the deed. And where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of the tract owned by him, even a vague description of the same will suffice, if by competent parol evidence its precise location is capable of ascertainment and its identity can thus be established; but if the description is so indefinite that no particular tract of land is pointed out by the instrument itself, the description must be held so defective as to prevent the instrument from operating as a conveyance of title. *Huntress* v. *Portwood*, 116 *Ga.* 351, 356 (42 S. E. 513), and cases cited. The same certainty of description which is requisite to constitute an instrument a conveyance of title is required in an instrument which is relied on as color of title. *Luttrell* v. *Whitehead*, 121 *Ga.* 699 (49 S. E. 691); *Pitts* v. *Whitehead*, 121 *Ga.* 704 (49 S. E. 693). The description in the deed offered in evidence in the present case was totally inadequate; the land was not described as a known tract, nor was its shape indicated, nor metes and bounds given, nor the names of the adjoining landowners on the different sides mentioned, nor were there any descriptive words employed which could serve to identify or locate the land." See also *Gould* v. *Gould*, 194 *Ga.* 132 (21 S. E. 2d, 64), where the court held the following description insufficient: "All of that certain portion of land on Saint Simons Island, Glynn Co., Ga., bounded as follows, viz.: starting at an oak tree at a point above Ebow Landing on Dunbars Creek, hence

along said creek in a northwesterly direction six hundred and fifty (650) feet to a marsh, hence in an easterly direction six hundred (600) feet to a cedar post, then south six hundred (600) feet to a cedar post, then westerly to the point of starting, containing three hundred and sixty thousand (360,000) feet, more or less."

Since the plaintiff, who showed no prior possession of the premises, failed to prove title, by prescription or otherwise, the trial court did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concur.*