## 19532. BENNETT *v.* REWIS.

ARGUED NOVEMBER 13, 1956—DECIDED JANUARY 14, 1957.

*Franklin, Eberhardt, Barham & Coleman,* for plaintiff in error.
*J. Lundie Smith, B. Lamar Tillman, W. W. Rehberg,* contra.

MOBLEY, Justice. Joe Rewis brought a petition against Bennie G. Bennett, to enjoin the commission of a trespass upon certain land in Echols County, and for damages for cutting timber thereon. The plaintiff alleged that he was the true and lawful owner of the land upon which the trespass had occurred, and that he and those under whom he claims have been in open, notorious, continuous, peaceable, and exclusive possession of said land for 38 years or more. He prayed for an injunction against the defendant and for damages for the injury sustained because of the defendant's acts. Upon the trial and at the close of the evidence, the defendant made a motion for a directed verdict, which mo-

tion was denied. The jury returned a verdict for the plaintiff, but did not fix damages in his favor. The defendant filed a motion for new trial and a motion for a judgment notwithstanding the verdict, both of which were denied. To the denial of the above motions, the defendant excepts.

In order to maintain an action for damages for trespass upon land and to enjoin further acts of trespass, it is essential that the plaintiff show title in himself or possession; and if possession alone is relied on as a basis of recovery, it must be actual possession of that portion of the tract upon which the alleged wrong was committed. *Ault* v. *Meager,* 112 *Ga.* 148 (1) (37 S. E. 185); *Downing* v. *Anderson,* 126 *Ga.* 373 (55 S. E. 184); *Bruce* v. *Strickland,* 201 *Ga.* 526 (40 S. E. 2d 386). Upon the previous appearance of this case in this court (*Bennett* v. *Rewis,* 211 *Ga.* 507, 87 S. E. 2d 52), it was held that the amended petition stated a cause of action and sufficiently described the land in dispute. At the trial, and in order to establish his ownership of this land, the plaintiff introduced into evidence a deed to him from N. L. Bennett, dated November 4, 1948, which did not describe the property as alleged in the petition, but described it as follows: "all that tract or parcel of land situate, lying and being in the county and State aforesaid, and being described as follows: one hundred acres, more or less in the south side of lot of land No. (69) sixty-nine, one hundred acres, more or less, of the south side of No. seventy (70), two hundred forty acres, more or less, of the north side of lot of land No. seventy-nine (79), and two hundred forty acres, more or less, in the north side of lot of land No. eighty (80), all in the thirteenth (13th) land district of said county, and bounded on east by lots of land Nos. sixty-eight (68), and eighty-one (81) and on the west by lots Nos. seventy-one (71) and seventy-eight (78), aggregating in the whole six hundred and eight[y] acres, more or less." He also introduced a deed from Mrs. Francis L. Bennett to N. L. Bennett, dated June 3, 1916, containing the same description. The land in dispute is that described in the above deed as, "one hundred acres, more or less in the south side of lot of land No. (69) sixty-nine." The description shows that the entire tract of land sought to be conveyed by the deed is bounded on the east by land lots 68 and 81, and on the west by lots 71 and 78. This court knows ju-

dicially that land lots in Echols County are in the shape of a square, contain 490 acres, and their relative location. *Darley* v. *Starr*, 150 *Ga.* 88, 90 (102 S. E. 819). Hence, we know that the 680-acre tract described above lies between two parallel lines formed by the western lines of lots 68 and 81 and the eastern lines of lots 71 and 78. But there is nothing in the deed which defines the northern and southern boundaries of the land attempted to be conveyed therein. The land sought to be conveyed in each land lot is described as containing a certain number of acres, *more or less*, the entire tract as being 680 acres, *more or less*. The number of acres conveyed in each land lot is uncertain, as is the number in the entire tract. This court has held that, where a land lot is in the shape of a square, and a deed describes the land conveyed as being in that land lot in a certain county, and as constituting a *definite* number of acres on the north side of the lot, such a description is sufficient to embrace "such a parallelogram as would result from drawing a line across the lot, parallel with its northern boundary, so as to cut off" that definite number of acres. *Gress Lumber Co.* v. *Coody*, 94 *Ga.* 519 (1) (21 S. E. 217); *Vaughn* v. *Fitzgerald*, 112 *Ga.* 517 (2) (37 S. E. 752). But where, as here, the land is described as containing a certain number of acres, *more or less*, in the south side of land lot 69, and there is no reference to any particular parcel of land, and no indication is given as to the actual extent of the tract or its size or shape, the description is uncertain and void. See *Huntress* v. *Portwood*, 116 *Ga.* 351, 355 (42 S. E. 513). "The description of the land in a deed must be sufficiently certain to afford means of identification. A deed purporting to convey land which is so indefinite in description that the land is incapable of being located is inoperative either as a conveyance of title or as color of title. . . A deed is not invalid where the description is imperfect, if the instrument refers to extrinsic data by means of which the land may be identified. Likewise an ambiguous descriptive clause may be aided by aliunde evidence. But such imperfect or ambiguous descriptions must not be confounded with a description utterly lacking in definiteness. A deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void." *Luttrell* v. *Whitehead*, 121 *Ga.* 699 (1), 700 (49 S. E. 691); *Mull* v. *Allen*, 202 *Ga.* 176, 178 (42 S. E. 2d 360).

The evidence failed to establish the plaintiff's ownership of the property by virtue of prescription. There was no evidence that the plaintiff and those under whom he claims had been in actual possession of the land in dispute for 20 years. There could be no title in this case by adverse possession for 7 years under color of title, because the deed upon which the plaintiff relies is void for indefiniteness of description, and hence could not constitute color of title. *Luttrell* v. *Whitehead,* supra; *Harden* v. *Sutton,* 143 *Ga.* 727 (3) (85 S. E. 874); *Allen* v. *Smith,* 169 *Ga.* 395 (150 S. E. 584).

Neither does the evidence support the contention of the plaintiff that he was in actual possession of the land in dispute so as to maintain his cause of action under Code §§ 105-1402 and 105-1403, which authorize the recovery of land by one who has the right to its possession and damages against an interference with such right. The plaintiff testified that for approximately three years prior to filing this suit the land had not been cultivated; the timber thereon had not been worked; the land was not enclosed; that no activity was going on there; that he had sold the timber off the land some three years previously. He testified further that, during the two or three months prior to filing the suit, the defendant began to assert title to the land, and since then has repeatedly entered upon the land, cut timber and pulpwood thereon, and asserted dominion over the land. The evidence is not sufficient to show that the plaintiff has been in actual possession of the land in dispute. *Ault* v. *Meager,* 112 *Ga.* 148, supra; *James* v. *Riley,* 181 *Ga.* 454 (2) (182 S. E. 604); *Whiddon* v. *Williams Lumber Co.,* 98 *Ga.* 700 (3) (25 S. E. 770).

There being no evidence to prove the plaintiff's ownership or actual possession of the land involved in this suit, so as to establish his right to maintain this action, the trial court erred in not directing a verdict in accordance with the defendant's motion for directed verdict, and in not granting the defendant's motion for a judgment notwithstanding the verdict. Accordingly, direction is given that, upon the return of the remittitur of this court to the court below, the verdict for the plaintiff be set aside and judgment entered for the defendant in accordance with his motion for judgment notwithstanding the verdict. Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444 (2).

*Judgment reversed with direction.  All the Justices concur.*