20566. SMITH *v.* GEORGIA INDUSTRIAL REALTY CO.

HAWKINS, Justice. Georgia Industrial Realty Company filed its petition in DeKalb Superior Court against S. E. Smith, seeking to enforce the specific performance of an alleged contract for the sale of certain real property described therein as follows: "All that tract or parcel of land lying and being in Land Lots 51, 52, 77, 78 and 79 of the 15th District, DeKalb County, Georgia and more particularly described as follows: Beginning at a point on the south side of Constitution Road, said point being common corner of property of S. E. Smith and Bouldercrest School and running thence in a southerly direction along west line of said school property a distance of 700 feet, more or less; thence in an easterly direction along south line of the school property 325 feet, more or less, to a point; thence in a southerly direction a distance of 1400 feet, more or less, to a point on the south line of Land Lot 77; thence east along said land lot line 900 feet, more or less, to a point; thence in a southerly direction a distance of 3000 feet, more or less, to a point on the south line of Land Lot 52; thence west along said land lot line and continuing along south line of Land Lot 51 a distance of 5100 feet, more or less, to common corner of Land Lots 46, 47, 50 and 51; thence north along the west line of Land Lot 51 a distance of 3000 feet, more or less, to common corner of Land Lots 50, 51, 78 and 79; thence west along the south line of Land Lot 79 a distance of 1150 feet, more or less, to common corner of property of S. E. Smith to property now or formerly owned by Sarah Lanier; thence in a northerly direction along the line dividing S. E. Smith and Sarah Lanier property 2155 feet, more or less, to a point on south side of Constitution Road; thence in

an easterly direction along south side of Constitution Road a distance of 5200 feet, more or less, to point of beginning. Said tract or parcel containing total of 638 acres, more or less, all substantially as shown outlined in red on print of map attached hereto and made a part of this agreement." The trial of the case resulted in a directed verdict for the plaintiff. Among the numerous assignments of error contained in the bill of exceptions, is one complaining that the trial court erred in overruling an oral motion in the nature of a general demurrer to dismiss the plaintiff's petition as amended on the ground that it failed to set forth any cause of action whatsoever because the so-called option on which the plaintiff attempts to rely is so indefinite as not to constitute any lawful, binding contract of any nature whatsoever. *Held*:

1. In *Erwin* v. *Hardin*, 187 *Ga.* 275 (1) (200 S. E. 159), this court held: "Specific performance of a contract will not be enforced by a court of equity when the contract is indefinite and uncertain in any material provision." In *Harris* v. *Trippi*, 209 *Ga.* 369, 372 (2) (72 S. E. 2d 704), it is said: "A contract upon which specific performance is sought must be certain, definite, and clear, and so precise in its terms that neither party can reasonably misunderstand it." In *Williams* v. *Manchester Building Supply Co.*, 213 *Ga.* 99, 102 (2) (97 S. E. 2d 129), it was held: "If the terms of the contract are such that they can be reasonably misunderstood by the parties, clearly a court of equity has neither the power nor the means to discover the intentions of the parties by mere guess or conjecture."

2. "Specific performance of a contract for the sale of land will not be decreed unless the land which is the subject-matter of the alleged sale is clearly identified in the contract." *Clayton* v. *Newberry*, 138 *Ga.* 735 (1) (76 S. E. 63). See also *Mull* v. *Allen*, 202 *Ga.* 176 (42 S. E. 2d 360), and cases there cited.

3. In Scraper *v.* Pipes, 59 Ind. 158, 164, it is said: "There are very few words in our language more indefinite and uncertain in their meaning than the words 'southerly,' 'easterly' and 'northerly.' The word 'southerly,' as applied to a 'course,' means nearly south, but how near, and whether east or west of south, it is impossible to tell without the use of other qualifying words. And so also with regard to the words 'easterly' and 'northerly,' it is impossible to determine therefrom

with any certainty the 'course' intended thereby." In *Bridwell* v. *Gate City Terminal Co.*, 127 *Ga.* 520, 535 (7) (56 S. E. 624, 10 L.R.A. (NS) 909), it is said: "'Easterly' is a somewhat indefinite term."

4. The beginning point in the description of the land here involved is given as on the south side of Constitution Road at the common corner of the property of the defendant Smith and Bouldercrest School, and running thence in a southerly direction along the west line of said school property a distance of 700 feet, more or less. The next call in the description is "thence in an easterly direction along south line of the school property, 325 feet, *more or less*, to a point." What point? Is this point at the eastern line of the school property, or does the school property extend beyond this point? How can this point be ascertained from the instrument? The next call is "thence in a southerly direction a distance of 1400 feet, more or less, to a point on the south line of Land Lot 77." Does this line run due south, east of south, or west of south? The description continues, "thence east along said land lot line 900 feet, more or less, to a point; thence in a southerly direction a distance of 3000 feet, more or less, to a point on the south line of Land Lot 52." Again, does this line run due south, or east or west of south, and to what point? The distances shown will not aid the description, for following each distance given are the words "more or less." The acreage specified will not aid, for it is described as 638 acres more or less, and the contract provides "all dimensions, acreage, etc., are approximated and are subject to an actual survey on the ground." What survey? When and by whom is it to be made, and who is to procure it? Nor does the map or plat attached to and made a part of the contract materially aid the description. It purports to show the location of the various land lots referred to in the description, their location with respect to each other, and their common corners. It does not show the location or extent of any other properties of the adjoining land owners referred to; it shows no courses or distances of the lines appearing thereon, and no marking or designation of any of the "points" thereon referred to, except Constitution Road and the common corners of the various land lots; it contains no scale and shows no directions other than by the position of the land lots with respect to each other. Under the foregoing authorities, the

description of the land in the contract and the map or plat attached thereto is so indefinite and uncertain as to render the contract void and incapable of specific performance. It was error to overrule the motion to dismiss upon this ground. *Hughes* v. *Heard,* 215 *Ga.* 156, 159 (2) (109 S. E. 8d 510); *Bennett* v. *Rewis,* 212 *Ga.* 800, 802 (96 S. E. 2d 257).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959—REHEARING DENIED NOVEMBER 4, 1959.

*James A. Branch, Thomas B. Branch,* for plaintiff in error. *Greene, Neely, Buckley & DeRieux, Edgar A. Neely, Jr., James H. Moore, B. Hugh Burgess,* contra.

*Schwall & Heuett, W. Stell Huie,* for party at interest not party to record.