23958, 23976.   DONALDSON et al. v. NICHOLS et al.;
and vice versa.

UNDERCOFLER, Justice.   Plaintiffs brought suit in ejectment in the fictitious form to establish title to property adjacent to the rear of a residential lot located in McCaysville. The plaintiffs claim their predecessor in title, who was their father, purchased a residential lot in 1917 fronting 100 feet on Second Street and extending back 100 feet, but continuously from that time claimed and possessed to the rear of said lot an additional 91 feet on the east line and 97 feet on the west line. Plaintiffs show that the property claimed has been fenced and cultivated as a garden plot since 1917 and that the fence was being built by the previous owner when the property was purchased that year. They show also that a small barn and hog pen were located and maintained on said property until about 1958. The remains of the barn and wooden fence are still in evidence on the ground at the property line claimed by the plaintiffs. The defendant shows that the property claimed by the plaintiffs was purchased by her

husband in 1924 under a deed describing the property as follows: ". . . parcel of land lying and being in [a] foresaid state and county, 8th District and 2nd Section and being a part of land lot No. 5 in the City of McCaysville. Commencing at the right hand corner of the T. P. Donaldson property on street; thence about east, direction with slope of hill (200) two hundred feet; thence up the hill a southwestern direction (200) two hundred feet, making a tract of land (200) two hundred feet square." Defendant was awarded this property, containing the same description by reference, in 1940 as a part of a year's support proceeding. The defendant claims that the right-hand corner of the property "on street" in the description refers to the right-hand corner of her original residential lot at a point on an abandoned street or alley running along the west side of said residential lot.

The jury rendered a verdict for the plaintiffs. The defendant appeals to this court specifying in her enumeration of errors that, (1) the court erred in admitting the deed purportedly conveying title to the property in dispute and the year's support judgment awarding said property to the defendant as evidence of color of title only and in so charging the jury, (2) the court erred in not charging *Code* § 85-407 to the effect that seven years' possession under written evidence of title gives title by prescription, and (3) the verdict is not supported by the evidence and is contrary to law and equity. Plaintiffs' cross appeal specifying in their enumeration of error that the court erred in admitting defendant's deed, purportedly conveying the disputed property, as evidence of color of title because the description therein is so indefinite that the same conveyed no property whatsoever. *Held:*

1. "The description of the land in a deed must be sufficiently certain to effect a means of identification. A deed lacking in such certainty of description, standing alone, is inoperative either as a conveyance of title or as color of title." *Allen v. Smith,* 169 Ga. 395 (1) (150 SE 584). "A deed is not invalid where the description is imperfect, if the instrument refers to extrinsic data by means of which the land may be identified. Likewise an ambiguous descriptive clause may be aided by aliunde evidence. But such imperfect or ambiguous descriptions must not be confounded with a description utterly lacking in definiteness. A deed which fails to describe any

particular land or to furnish any key to the confines of the land purporting to be conveyed is void." *Luttrell v. Whitehead,* 121 Ga. 299 (1) (49 SE 691). In the present case it is not possible to determine the "right-hand corner of the T. P. Donaldson property on street" particularly since such property is located at the intersection of two streets, one of which is abandoned but claimed by the defendant to be the street referred to in the deed. Furthermore, it is not known whether this reference to the right-hand corner is to be determined from within or without the property. In addition, the further description ". . . then about east, direction with slope of hill (200) two hundred feet; thence up the hill a southwestern direction (200) two hundred feet, making a tract of land (200) two hundred feet square" is too indefinite and uncertain to identify any particular tract of land. "There are very few words in our language more indefinite and uncertain in their meaning than the words 'southerly,' 'easterly' and 'northerly.'" Scraper v. Pipes, 59 Ind. 158, 164; *Smith v. Ga. Industrial Realty Co.,* 215 Ga. 431 (3) (111 SE2d 37); and *Hughes v. Heard,* 215 Ga. 156, 159 (2) (109 SE2d 510). For these reasons the court erred in not sustaining appellee's objection to the admission in evidence of this deed and the year's support judgment but, since the jury found a verdict for the appellee, this error was harmless.

2. The appellant's contention that the trial judge erred in not charging *Code* § 85-407 to the effect that seven years' possession under written evidence of title gives title by prescription is without merit. The deed and the year's support judgment relied on by the appellant as the foundations for adverse possession which would ripen into title in seven years under the above Code section were not sufficient for that purpose for the reasons given in Division 1 herein and accordingly it was not error for the trial judge not to charge the above Code section.

3. The evidence was sufficient to support the verdict for the plaintiffs.

*Judgment affirmed on the main appeal and on the cross appeal. All the Justices concur.*

Submitted February 14, 1967—Decided March 9, 1967.

Robert K. Ballew, for appellants.

Herman J. Spence, Bobby C. Milam, for appellees.