42348. ELLIOTT v. LEATHERS et al.

DECIDED DECEMBER 1, 1967—REHEARING DENIED
DECEMBER 15, 1967—

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*Edward D. Wheeler, Herbert Johnson, King & Spalding,* for appellees.

844

WHITMAN, Judge. 1. Elliott's claim to ownership of the land here involved is by virtue of three tax deeds made pursuant to levies for delinquent taxes. Leathers' claim to ownership is based upon conveyances by quitclaim and warranty deeds from the owners.

The trial court found that the levies and tax deeds under which Elliott claims title were void for lack of adequate description of the land levied upon and sold, and that no title passed thereby. These findings are enumerated as error.

We limit our attention, insofar as adequacy of description is concerned, to the descriptions contained in the levies. "Where a levy on land is void for lack of proper description, the defect can not be cured by a proper description of the land in the deed made by the sheriff in pursuance of the sale had under said levy, for the reason that the deed would not conform to the levy." *Burson v. Shields,* 160 Ga. 723 (2) (129 SE 22).

A description in a levy must plainly describe the property seized. *Code Ann.* § 39-103. And where there is a levy on land, it must describe the land "with that degree of precision necessary to inform the purchaser of what he is buying and sufficient to enable the officer selling it to place the purchaser in possession, otherwise it is void and a deed based thereon is likewise void." *Head v. Lee,* 203 Ga. 191, 198 (45 SE2d 666); *Harden v. Bell,* 212 Ga. 711 (1) (95 SE2d 375); *Burson v. Shields,* 160 Ga. 723 (1), supra. A description not complete within itself will not fail where it contains a key by the use of which the description may be supplied by extrinsic evidence. *Blumberg v. Nathan,* 190 Ga. 64 (8 SE2d 374). But an imperfect or ambiguous description is not to be confounded with a description utterly lacking in definiteness. A levy or a deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be levied on or to be conveyed is void. *Mull v. Allen,* 202 Ga. 176, 178 (42 SE2d 360); *Conyers v. West,* 210 Ga. 190 (78 SE2d 422); *Donaldson v. Nichols,* 223 Ga. 206 (154 SE2d 201).

Whether any particular description is adequate under the above principles necessarily requires a consideration of the facts in each case.

The first of the levies with which we are concerned relates to "Jessie" Watts and certain property described therein levied upon for City of Atlanta taxes for the year 1954. The property described in this levy is as follows: "A certain lot in the City of Atlanta in Tax District _____ Land Lot 259 in the 17 District of Fulton County, Georgia, fronting 572 feet on the North LLL side of 259 LL Street, between Field Rd. and Northwest Dr. Streets and running back 1525 feet, more or less, in a South direction, the house on said Lot known as No. _____ on said street according to street numbers, the same being Vac property in the City of Atlanta, Georgia, adjoining Watts."

After a public sale at which Elliott was the successful bidder, Elliott received a deed from the Municipal Revenue Collector Ex-Officio Marshal of the City of Atlanta. This deed was executed July 3, 1956.

There was evidence before the trial court that the distance along the north land-lot line of Land Lot 259 between Field Road and Northwest Drive was greatly in excess of 572 ft., being approximately 2,000 ft. The description of the frontage and depth is insufficient to locate the property for the reason that no beginning point is described and the depth is merely "more or less." The fact that the property was also described as "Vac" adds nothing to the description in this instance as the evidence shows that all the property within Land Lot 259 fronting on the north and east land-lot lines was vacant.

There remains to be considered whether the fact that the property was described as "adjoining Watts" is a key sufficient to locate the property. The evidence before the trial court showed that two other "Watts" besides Jessye Mae Watts owned property within Land Lot 259 fronting on the north land-lot line. Adding to the difficulty is the fact that none of the evidence adduced located the property of the other two Watts with any certainty. The key "adjoining Watts" in these circumstances would be of no aid in locating the property. The trial court did not err in holding this levy void for lack of legal description. *Rogers v. Manning,* 203 Ga. 771 (48 SE2d 527); *Smith v. Ga. Industrial Realty Co.,* 215 Ga. 431 (111 SE2d 37); *Bennett v.*

*Rewis,* 212 Ga. 800 (96 SE2d 257). See also *Bruce v. Strickland,* 201 Ga. 526 (3) (40 SE2d 386).

■ The second levy relates to "Mrs. Jesse" Watts and certain property described therein levied upon for State of Georgia and Fulton County taxes for the year 1951. The property described in this levy is as follows: "A certain lot in Land lot ___259___ in the ___17th___ District of Fulton County, Georgia, fronting ___1525___ feet ___in N. E. corner of Land Lot 572___ feet, more or less, in a ___North East Corner___ direction. Lot known as Number ___Vacant Street Land Lot___ according to the present system of numbering, the same being ___Vacant___ property adjoining ___L. E. Watts.___"

At a public sale, the B-X Corporation was the successful bidder and received a sheriff's deed executed August 7, 1956. The B-X Corporation later executed a quitclaim deed of all its interest in the property to Elliott. Elliott claims that the property described in this levy is the same property described in the levy discussed in division 1 above.

One is unable to determine from the description whether the 1525 ft. dimension runs along the north line or the east line of the land lot. Furthermore "1525 feet in N. E. corner of Land Lot 572 feet, more or less, in a North East Corner direction" describes nothing geometrical unless one wishes to indulge in a great deal of speculation. "Being vacant property adjoining L. E. Watts" in no wise acts to clarify such vagueness.

In addition, the evidence before the trial court indicates that during no time with which we are concerned have any of the members of the Watts family or the Watts family as a whole owned any property in the northeast corner of Land Lot 259. The deeds introduced in evidence to show the extent of the Watts family property before being partitioned show that the property extended from the northwest corner of Land Lot 259 along the north land-lot line for a distance of 2,640 feet. The court may take judicial notice of the size of land lots (*Head v. Lee,* 203 Ga. 191, 198, supra), and notes that the north land-lot line of Land Lot 259 has a length of 2,970 feet. Therefore, no property was owned by this family or its members in the northeast corner of the land lot, but rather their property began 330 feet from the

northeast corner. The trial court did not err in finding this levy void for lack of legal description. See *Livingston v. Livingston*, 210 Ga. 607 (82 SE2d 1).

3. The third levy relates to L. E. Watts and certain property described therein levied upon for City of Atlanta taxes for the year 1954. The property described in this levy is as follows: "A certain lot in the City of Atlanta in Tax District Land Lot  259  in the  17  district of Fulton County, Georgia, fronting  259  in the  17  District of Fulton County, Georgia, fronting  572  feet on the  North LLL of  259 LL  , between  Field Rd  and  Northwest Drive and running back  1,525  feet,  more or less  , in a  south direction, the house on said Lot known as No.  on said street according to street numbers, the same being  Vac property in the City of Atlanta, Georgia adjoining  Pruitt  ."

After a public sale at which Elliott was the successful bidder, Elliott received a deed from the Municipal Revenue Collector Ex-Officio Marshal of the City of Atlanta. This deed was executed July 3, 1956.

It will be noted that the description in this levy is identical with the description in the levy discussed in Division 1 above with the exception that here the property is described as "adjoining Pruitt." Here, too, there is no definite beginning point described between Field Road and Northwest Drive. And the fact that the property is described as "vacant" does not aid the description for the same reasons discussed in Division 1.

As for the key "adjoining Pruitt" it has been held that merely using a name in such manner without further identifying it as the name of a street or the name of a particular person is an insufficient key for the location of land through extrinsic evidence. *Conyers v. West*, 210 Ga. 190, supra. The trial court did not err in finding the levy void for lack of description. *Rogers v. Manning*, 203 Ga. 771, supra; *Smith v. Ga. Industrial Realty Co.*, 215 Ga. 431, supra.

4. The trial court also found all the levies previously discussed void for excessiveness of levy. It ruled in addition, assuming them to be valid, that the levies and the deeds subsequently executed represented no title to the respective properties

for the reason that the rights of redemption had not been foreclosed nor had seven years expired from the date of sale to the date the condemnation proceeding was instituted. These rulings were enumerated as error.

Having found the levies void for lack of description, it is unnecessary that the court pass upon the additional rulings of the trial court.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*