25244.   HERRINGTON v. ROSE et al.

ARGUED JUNE 12, 1969—DECIDED JULY 10, 1969—
REHEARING DENIED JULY 24, 1969.

*Herbert Johnson, Allen J. Hammer,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., Charles C. Pritchard,* for appellees.

ALMAND, Presiding Justice. The appellant brought a suit in ejectment against the appellee to recover the following described real estate: "All that tract and parcel of land lying and being in Land Lot 209 of the 14th District, Fulton County, Georgia, being Lots 65, 66, 161 through 172, inclusive, and 181 through 189, inclusive, as per plat of Nor-West Atlanta, recorded in Plat Book 3, pages 82 and 83, Fulton County Records."

The parties waived a jury trial. After a hearing, the court found, as a matter of fact, that the tract of land described in appellant's deed conveying certain numbered lots as per a plat of Nor-West Atlanta, recorded in Plat Book 3, pages 82 and 83, Fulton County records, did not provide a key whereby the lots could be located by using the plat alone and all deeds in plaintiff's chain of title based thereon. It concluded as a matter of law: (1) that the deed on which plaintiff sought to recover was insufficient to convey title or constitute a muniment of title to any particular property; (2) that while none of the defendants showed, or attempted to show, title in themselves, the plaintiff, to recover, must recover on the strength of his own title, this being an action of ejectment.

Judgment was rendered in favor of the defendants.

The appeal is from this judgment. The errors enumerated are:

"1. The court erred in holding that plaintiff's exhibit 1 must provide a key whereby the land in controversy can be located by extrinsic evidence.

"2. The court erred in holding that the description contained in plaintiff's deed, and all deeds in his chain of title, were insufficient to identify the property in controversy.

"3. The court erred in holding that plaintiff's title was insufficient to eject defendant from the property in controversy."

The one controlling question is whether or not the description in the deed set out in the above statement of facts is sufficient to identify the property attempted to be conveyed.

"It is essential to the maintenance of an action of ejectment, that the premises alleged to have been demised be described with such certainty as that, in the event of a recovery by the plaintiff, a writ of possession issued upon the judgment and describing the premises as laid in the declaration, shall so identify the premises sued for as that the sheriff, in the execution of the writ, can deliver the possession in accordance with its mandate." *Harwell v. Foster,* 97 Ga. 264 (22 SE 994).

A deed is not invalid, though the description is imperfect, if it refers to extrinsic data by means of which the land may be identified with certainty. *Copeland v. Carpenter,* 206 Ga. 822 (4) (59 SE2d 245).

The deed to the numbered lots in the instant case refers to a recorded plat. These descriptive words must, "lead unerringly to the land in question [to] constitute the key which the law contemplates. But no amount of words in such a contract [deed] which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void." *Blumberg v. Nathan,* 190 Ga. 64 (8 SE2d 374).

The map or plat was introduced into evidence and is in the record. It recites: "Map of Nor-West Atlanta, LL 259-17th Dist. & Part of LL 258 - 17th & 209 Fulton Co. Ga., P. B. Lawrence, C.E." It shows a drawing of 1050 lots with streets, roads or alleys - all unnamed except one. The size of the lots is not given. The map is not drawn to scale. It does not show any land-lot lines, and no courses or distances. No starting or ending point is indicated.

Six civil engineers and surveyors testified, five for the plaintiff and one for the defendant. Not one of these testified that the lots named in the deed could be located or found on the ground by the use of the maps referred to in the deed. One engineer, a witness for the plaintiff, on cross examination, when asked if he could take the maps and locate the lots, answered: "It is difficult to do with this map only. It is difficult to do without any other evidence to support a beginning point or any bearing on the lines." Compare *Laurens County Bd. of Educ. v.*

*Stanley,* 187 Ga. 389 (200 SE 294); *Smith v. Ga. Industrial Realty Co.,* 215 Ga. 431 (111 SE2d 37); *Union Bag-Camp Paper Corp. v. Coffee County Hunting &c. Club,* 216 Ga. 44 (114 SE2d 511).

The finding of fact by the trial judge that the lots in controversy could not be located by use of the map alone is fully supported by the evidence. His conclusion of law that the deed on which the plaintiff sought to recover was insufficient to convey title is correct.

*Judgment affirmed. All the Justices concur.*